[Civ. No. 38136. First Dist., Div. Two. Feb. 28, 1977.]

SLAGLE CONSTRUCTION COMPANY, INC.,
Plaintiff and Appellant, v.
COUNTY OF CONTRA COSTA, Defendant and Respondent.

**COUNSEL**

Ring, Athey, Ginocchio & Ring and Robert J. Athey for Plaintiff and Appellant.

Gordon, Waltz, DeFraga, Watrous & Pezzaglia and Allan DeFraga for Defendant and Respondent.

**OPINION**

TAYLOR, P. J.—Slagle Construction Company (hereafter Slagle) appeals from a judgment of dismissal entered after the court sustained without leave to amend the general demurrer of the County of Contra Costa (hereafter County) to its complaint for damages for the County's wrongful refusal to issue building permits. Slagle contends that once the County planning commission (hereafter Commission) and the board of supervisors (hereafter Board) approved the tentative and final subdivision maps, the Commission had a mandatory duty to issue the building permits, and that the failure to do so imposed tort liability pursuant to Government Code section 815.6. We have concluded that the judgment of dismissal must be affirmed on the authority of *Morris* v. *County of Marin* (1977) 18 Cal.3d 901 [136 Cal.Rptr. 251, 559 P.2d 606].

The complaint alleges the following facts which we must, of course, accept as true for purposes of the demurrer (*Selby Realty Co.* v. *City of San Buenaventura,* 10 Cal.3d 110, 124 [109 Cal.Rptr. 799, 514 P.2d 111]): Slagle agreed to purchase two contiguous parcels of real property, subject to the approval of a tentative subdivision map by the County. The tentative map of the first parcel was conditionally approved by the Commission, subject to the requirement of underground utility distribution facilities, except along Camino Pablo; the tentative map of the second parcel was similarly conditionally approved by the Commission,

subject to the same exception for overhead utility lines on Camino Pablo because of the high cost of undergrounding the existing facilities. The final maps for both parcels were approved by the County with above-ground utility lines along Camino Pablo. After Slagle attempted to obtain the building permits to begin construction of single family dwellings on the two subdivided parcels, it was informed by the Commission that as a condition for the permits to be issued, the telephone cable had to be placed underground. The Board sustained the Commission.

Slagle correctly contends that, given a mandatory duty, the liability imposed by Government Code section 815.6 (set forth below)[1] takes precedence over the immunity provisions of Government Code section 818.4 (set forth below).[2] Reference to judicial construction and the legislative history underlying the Tort Claims Act confirm this interpretation.

In *Morris* v. *County of Marin, supra,* our Supreme Court recently clarified the relationship between sections 815.6 and 818.4, in granting recovery to one who suffered uncompensated injuries as a result of a public entity's failure to discharge its mandatory duty to require a contractor to carry workers' compensation insurance pursuant to Labor Code section 3800. The court held that the statutory immunity of section 818.4 attaches to discretionary licensing activities only and that in the absence of discretion, liability would be imposed. In *Morris,* the Supreme Court discussed *O'Hagan* v. *Board of Zoning Adjustment,* 38 Cal.App.3d 722 [113 Cal.Rptr. 501], in which this court denied recovery for damages in a mandamus action for an allegedly wrongful revocation of a use permit, as the immunity of section 818.4 was applicable. Our reasoning in *O'Hagan* was supported and interpreted in *Morris, supra* (18 Cal.3d at p. 915), as follows: "In the course of the decision, the *O'Hagan* court stated that '[the] statutory immunity [of section 818.4] is so strong

[1]Section 815.6: "Where a public entity is under a mandatory duty imposed by an enactment that is designed to protect against the risk of a particular kind of injury, the public entity is liable for an injury of that kind proximately caused by its failure to discharge the duty unless the public entity establishes that it exercised reasonable diligence to discharge the duty." (Stats. 1963, ch. 1681, § 1, p. 3268.)

[2]Section 818.4: "A public entity is not liable for an injury caused by the issuance, denial, suspension or revocation of, or by the failure or refusal to issue, deny, suspend or revoke, any permit, license, certificate, approval, order, or similar authorization where the public entity or an employee of the public entity is authorized by enactment to determine whether or not such authorization should be issued, denied, suspended or revoked." (Stats. 1963, ch. 1681, § 1, p. 3268.)

that it even prevails over the liability imposed by section 815.6 for failure to discharge a mandatory duty.' [Citation.] Although defendant interprets this statement as indicating that the statute's immunity attaches to both discretionary and nondiscretionary licensing activities, *O'Hagan* applied only to a discretionary activity, and thus the passage quoted above goes no further than to state that when such discretionary activity does result in injury, the public entity incurs no liability even if the entity was statutorily required to render such a discretionary decision. Nothing in the *O'Hagan* opinion indicates that the section's immunity attaches to a nondiscretionary, ministerial act involved in the licensing or permit process."

As it is clear that the immunity afforded to licensing decisions by section 818.4 does *not* apply to mandatory decisions, Slagle seeks to establish a mandatory duty. The court in *Morris v. County of Marin, supra* (18 Cal.3d at p. 908), defines a "mandatory duty" as "an obligatory duty which a governmental entity is required to perform, as opposed to a permissive power which a governmental entity may exercise or not as it chooses." Slagle contends that under the applicable County ordinances, once the Commission and Board have approved the final map of a subdivision, the staff of the Commission *must* issue building permits to an applicant in conformity with the specifications set out. County code section 92-10.002 gives the Commission "all powers and duties with respect to subdivisions, the maps thereof and the procedure relating thereto which are specified by law and by this title"; this section also designates the Commission as the advisory agent on subdivisions.

Section 94-4.806 gives the Board authority to approve the final map.[3] The County ordinance gives the Commission broad powers with respect to subdivisions. No language prevents the Commission from requesting changes after approval of the final map. No language supports Slagle's contention that a subdivider has an *absolute* right to a building permit once the final map has been approved.

Slagle contends, however, that after such approval, the chief building inspector can withhold the issuance of a permit *only* for a violation of law or regulation. We note that the Commission itself upheld the refusal of the inspector to issue the permit. Slagle urges that since there was no showing of any violation, the Commission itself had a mandatory duty to

---

[3]We can take judicial notice of the language of the applicable ordinances (Evid. Code, § 452, subd. (b)).

act. But County code section 72-2.014 states, so far as here pertinent, that "The chief building inspector *may* withhold the issuance or reinstatement of a building permit. . . ." (Italics supplied.) In view of the discretionary language of County code section 72-2.014 and the broad powers conferred upon the Commission by County code section 92-10.002, we can only conclude that the Commission may or may not issue building permits and therefore does not have a mandatory duty to issue building permits after approval of the final map, even in the absence of a violation of law.

This conclusion is confirmed by *Burns* v. *City Council,* 31 Cal.App.3d 999 [107 Cal.Rptr. 787], which held that pursuant to both Government Code sections 818.4 and 821.2, the city was immune from liability for a building inspector's denial of a building permit, as he had no mandatory duty to issue it. Slagle relies on *Elson* v. *Public Utilities Commission,* 51 Cal.App.3d 577 [124 Cal.Rptr. 305]; however, as indicated in *Morris, Elson* involved the public utility commission's analogous mandatory statutory duty to revoke a carrier's operating authority when it had knowledge of the carrier's lack of insurance.

We conclude that as Slagle did not sustain the burden of pleading the mandatory duty required by section 815.6, the provisions of section 818.4 prevail to insure the immunity of the County in this case.

The judgment of dismissal is affirmed.

Kane, J., and Rouse, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied April 28, 1977.