[Civ. No. 18994. Third Dist. Apr. 15, 1980.]

DEPARTMENT OF MOTOR VEHICLES, Petitioner, v.
THE SUPERIOR COURT OF BUTTE COUNTY, Respondent;
PAUL HANKINS, Individually and as Executor, etc., et al.,
Real Parties in Interest.

COUNSEL

George Deukmejian, Attorney General, John M. Morrison and Darryl L. Doke, Deputy Attorneys General, for Petitioner.

No appearance for Respondent.

Stanley Sedor for Real Parties in Interest.

OPINION

EVANS, J.—This proceeding originates in an amended complaint seeking damages for wrongful death, which is pending in respondent court.

Shirley May Hankins was killed in an automobile collision with a vehicle driven by Dinzel Kirk McGehee. Plaintiffs (real parties in interest here) are the surviving husband and children of the decedent. They sought damages from the Department of Motor Vehicles and the State of California (hereafter Department) on the theory that the Department had a duty to revoke McGehee's license pursuant to Vehicle Code

sections 12809, 12810, and 13359, and the failure to take such action resulted in the injury for which damages are sought.

The Department demurred to the complaint on the ground that Government Code section 818.4 provides the Department absolute immunity from liability under the circumstances. The trial court overruled the demurrer, and this petition, seeking a writ of mandate requiring respondent court to vacate its order overruling the demurrer and to sustain it without leave to amend, ensued. ■ The sole question presented by the writ proceeding[1] is whether or not Government Code section 818.4 insulates the Department from liability.

Real parties alleged that McGehee had accumulated six traffic citations within eighteen months prior to the accident, and that as a consequence, the Department was under an obligation to revoke his driver's license. In essence, real parties attempt to assert that it was the mandatory duty of the Department to take action; that failure to do so imposes liability by virtue of Government Code section 815.6.

The relationship of Government Code sections 818.4 and 815.6[2] has been clarified by the Supreme Court in *Morris* v. *County of Marin* (1977) 18 Cal.3d 901 [136 Cal.Rptr. 251, 559 P.2d 606]. The court held that the statutory immunity provided by section 818.4 attaches to discretionary licensing activities only, and that in the absence of discretion, liability would be imposed. As it is clear that the immunity afforded to licensing decisions by section 818.4 does not apply to mandatory decisions, it is incumbent upon the court to examine the nature of the duty imposed upon the Department by Vehicle Code sections 12809, 12810, and 13359.

---

[1]Real parties in interest have not challenged the propriety of the writ application. However, we nevertheless deem it appropriate to note that the nature of the question presented and the effect of the ruling on demurrer place this proceeding squarely within the purview of *Babb* v. *Superior Court* (1971) 3 Cal.3d 841 [92 Cal.Rptr. 179, 479 P.2d 379], authorizing use of the prerogative writ in limited pleading instances.

[2]Government Code section 818.4 provides, "A public entity is not liable for an injury caused by the issuance, denial, suspension or revocation of, or by the failure or refusal to issue, deny, suspend or revoke, any permit, license, certificate, approval, order, or similar authorization where the public entity or an employee of the public entity is authorized by enactment to determine whether or not such authorization should be issued, denied, suspended or revoked."

Government Code section 815.6 provides, "Where a public entity is under a *mandatory* duty imposed by an enactment that is designed to protect against the risk of a particular kind of injury, the public entity is liable for an injury of that kind proximately caused by its failure to discharge the duty unless the public entity establishes that it exercised reasonable diligence to discharge the duty." (Italics added.)

Vehicle Code section 12809 provides in part, "The department *may refuse* to issue or renew a driver's license to any person: [¶] (a) If the department is satisfied that the applicant is not entitled to the license under this code.... [¶] (e) If the department determines that the applicant is a negligent or incompetent operator of a motor vehicle...." (Italics added.)

Vehicle Code section 12810 provides in part, "In determining the violation point count,...any other traffic conviction...shall be given a value of one point; ...[¶] Any person whose driving record shows a violation point count of four or more points in 12 months, six or more points in 24 months...shall be prima facie presumed to be a negligent operator...."

Vehicle Code section 13359 provides that, "The department *may* suspend or revoke the privilege of any person to operate a motor vehicle upon any of the grounds which authorize the refusal to issue a license." (Italics added.)

By definition, Vehicle Code section 15 directs that the use of the term "shall" is mandatory and the term "may" gives permission. The amended complaint alleges, and we must of course accept as true for purposes of the demurrer, that McGehee has accumulated six traffic citations (six points within eighteen months prior to the traffic accident), thus placing him within the purview of Vehicle Code section 12810 as a person whose driving privilege could be revoked by the Department.

The terms of the applicable code sections are unambiguous; the revocation of a driver's license pursuant to the quoted sections which are those relied upon by real parties is discretionary, that is, not mandated by the terms of the sections. That the Legislature intended that discretionary result is borne out by Vehicle Code section 13350 which provides in part, "The department *shall* immediately revoke the privilege of any person to drive...." for stated reasons. Discretion in the Department to act or not to act in that instance was not provided; on the contrary, immediate action was made mandatory.

Real parties do not allege that McGehee falls within any of the requisite categories of Vehicle Code section 13350 requiring mandatory action by the Department.

We conclude that the Department is afforded the discretion to issue or revoke driving privileges pursuant to Vehicle Code sections 12809, 12810, and 13359; that those sections do not require mandatory revocation. The Department, after a hearing (Veh. Code, § 13950), may or may not decide to revoke a driving privilege for point accumulation.

The amended pleading did not assert any mandatory duty on the part of the Department which would bring to bear the provisions of Government Code section 815.6; the provisions of Government Code section 818.4 prevail and provide immunity to the Department. (See *Slagle Constr. Co. v. County of Contra Costa* (1977) 67 Cal.App.3d 559 [136 Cal.Rptr. 748]; *Papelian v. State of California* (1976) 65 Cal.App.3d 958, 962-963 [135 Cal.Rptr. 665].)

Let a peremptory writ of mandate issue directing respondent court to vacate its order which overruled the demurrer and to enter a contrary order sustaining the demurrer without leave to amend.

Puglia, P. J., and Blease, J., concurred.

The petition of real parties in interest for a hearing by the Supreme Court was denied June 25, 1980.